IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| O'RYAN OREGON RANCHES, LLC, | § | Case No. 25-90008 |
| | § | |
| Debtor. | § | (Joint Administration Requested) |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| O'RYAN RANCHES, LLC, | § | Case No. 25-90009 |
| | § | |
| Debtor. | § | (Joint Administration Requested) |

## DECLARATION OF BRAD WALKER

The following is a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I, Brad Walker, am a managing member of Brad Walker, LLC, d/b/a Riverbend Special Situations Group, which is an interim management and financial services firm. I am duly authorized to make this declaration.

2. I submit this declaration in support of the *Motion to Appoint Brad Walker as Chief Restructuring Officer for O'Ryan Ranches, LLC and O'Ryan Oregon Ranches, LLC* (the "Motion") filed by the above-captioned debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Bankruptcy Cases").

3. I have read the Motion. To the best of my knowledge, the statements set forth in the Motion and exhibits attached to it are true and correct, including statements made regarding the services and the assistance of the CRO to the Debtors.

4. More specifically, the Debtors have engaged and appointed Walker as the CRO of the Debtors in order to provide the CRO with the exclusive power to (i) execute necessary documents on behalf of the Oregon Debtors for filing chapter 11 and in connection with their

Bankruptcy Cases in the future, (ii) appear in all bankruptcy proceedings on behalf of the Debtors, (iii) otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Debtors in connection with their Bankruptcy Cases, (iv) manage the Debtors and their estates during the Bankruptcy Cases, to the exclusion of all prepetition management and prepetition corporate governance documents, and (iv) conclusively and exclusively make all decisions for the Debtors in their bankruptcy cases, including with respect to the sale of any real properties owned by the Debtors. It is my understanding that the authority of the CRO will not be removed or lessened absent an order of the bankruptcy court.

5. In connection with such engagement, the CRO developed an understanding of the Debtors' operations, debt structure, creditors, business, and related matters.

6. I have reviewed the parties in interest in these Bankruptcy Cases, and I have determined that the CRO and the personnel it engages do not have a conflict of interest with the Debtors, the Debtors' estate, or any other party in interest. The CRO and the personnel it engages are not a creditor or equity security holder of the Debtors, and except as contemplated through the engagement with the Debtors for these Bankruptcy Cases, the CRO and the personnel it engages are not insiders. The CRO and the personnel it engages do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

7. To the extent the CRO discovers any new, relevant facts or relationships bearing on the matters described in this declaration after the CRO's appointment, the CRO will use reasonable efforts to promptly file a supplemental disclosure.

8. The CRO reserves the right to supplement this declaration in the event the CRO discovers any facts bearing on matters described in this Declaration regarding the CRO's employment with the Debtors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 25, 2025.

*/s/ Brad Walker*
Brad Walker
Managing Member